DLD-041                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3180
_____

IN RE:  ALTON D. BROWN,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-07-cv-03771)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 5, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: December 4, 2015)
_____

OPINION
_____

PER CURIAM

        Alton Brown, a Pennsylvania prisoner proceeding pro se, has filed a petition for a

writ of mandamus, requesting that we order the District Judge to recuse.  For the reasons

set forth below, we will deny the petition.

        In September 2007, Brown filed the underlying civil action, which alleges

unlawful exposure to second-hand smoke.  Brown has engaged in extensive litigation in

this case, including filing a previous mandamus petition before this Court.  That petition

also sought recusal of the District Court judge and we denied it, describing Brown's complaints as "mere dissatisfaction" with the District Court's rulings.

Despite this opinion, Brown has filed another mandamus petition, again seeking recusal. He claims the District Court is "attempting to force" him to respond to the Defendants' motion for summary judgment without the benefit of the case files Brown has accumulated. He also claims more generally that the District Judge has failed to discipline the Defendants for allegedly preventing him from adequately responding to the summary judgment motion. Brown filed a renewed motion for recusal in July 2015, which the District Court denied. He relies on 28 U.S.C. §§ 144, 455 to support this petition for a writ of mandamus.

Upon review, we deny Brown's petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

First, to the extent that Brown seeks mandamus relief related to any refusal to recuse under 28 U.S.C. § 144, mandamus relief is not available because Brown may still take an appeal from that order after final judgment is entered in his District Court case.

See In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992). To the extent that Brown argues that recusal is proper under 28 U.S.C. § 455 on the basis that the impartiality of the judge presiding over his case might reasonably be questioned, we may consider the issue on mandamus. See In re Kensington Int'l Ltd., 353 F.3d at 219-20; Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). To determine whether the extraordinary writ should issue, we review the decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, that judge must recuse under § 455(a). See id. at 302.

Given the facts of this case, the District Judge does not need to recuse. Brown's primary basis for recusal, his continued dissatisfaction with District Court rulings, does not require recusal. Furthermore, recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

For these reasons, the District Judge did not err in denying Brown's motion and declining to recuse from hearing Brown's case. Brown's petition for a writ of mandamus is denied. His motion to stay the District Court proceedings pending our decision is denied as moot.

3